Lawson *et al. v.* Higgins *et al.*

LAWSON ET AL. *v.* HIGGINS ET AL.

Chap. 122, R. S., does not give a lien for means and supplies furnished, or for money advanced, in the building, fitting and furnishing of a vessel. The lien in such case is restricted to work done and *materials* furnished.

CASE reserved from Wayne Circuit Court.

*Abbott*, for plaintiffs.

*Van Dyke and Emmons*, for defendants.

*By the court*, WHIPPLE, C. J.  The questions arising in this case were reserved by the presiding judge of the Wayne circuit, for the opinion of this court.

The action is brought upon a bond given pursuant to the thirteenth section of chapter 122, title 26, Revised Statutes of 1846, which chapter provides the mode of proceeding "for the collection of demands against ships, boats and vessels."

To the declaration (which was filed as the commencement of the suit), the defendants interposed a demurrer.  In support of the demurrer, it is contended that the plaintiffs' demand, as set out in the declaration, was not a lien on the boat.  Whether this ground is well taken, must depend upon the construction of the first subdivision of section 1, which provides, that " every ship, boat or vessel used in navigating the waters of this state, shall be subject to a lien thereon:  1. For all debts contracted by the master, owner, agent or consignee thereof, on account

of *supplies furnished for the use of such ship, boat or vessel;* on account of work done, or materials furnished by mechanics, tradesmen or others, in or about the building, repairing, fitting, furnishing or equipping such ship, boat or vessel."

The substance of the averments in the declaration is, that the plaintiffs furnished means and supplies and advanced money on account of said boat: which means, supplies and money "were used in the building, fitting and furnishing of said boat."

The first section gives a specific lien on the ship, boat or vessel: 1. For debts contracted by the master on account of *supplies furnished for the use of such ship, boat or vessel.* 2. On account of work done, or materials furnished "in or *about the building, repairing, furnishing or equipping of such ship, boat or vessel.*" It does not contemplate the existence of a lien when the debt is contracted for means and supplies furnished, or for money advanced in the building, fitting or furnishing of a ship, boat or vessel. The lien for *supplies* furnished, can only attach when the ship, boat or vessel is actually built. If furnished when the ship &c. is in the progress of construction, the law does not create a lien, but leaves the person so furnishing *supplies* to his common law remedy. A lien, however, does attach in favor of mechanics, tradesmen and others, for work done, or materials furnished "in or about the building, repairing, furnishing or equipping a ship, boat or vessel." This lien can only be enforced by those who bestow labor or furnish materials; not by those who furnish *supplies, means or money.*

The averment, therefore, in the declaration, that *supplies, means and money* were furnished, will not supply the place of an averment that *materials* were furnished. The word *supplies,* as used in the statute, has a well defined meaning, and cannot, by any fair construction, be so construed as to include *materials* furnished, &c. Nor did the statute intend to create a lien in favor of a person who might advance *money* to be applied to the construction of ships, boats or vessels. The benefit of a lien is confined exclusively to the mechanic who performs, and the *material man* who provides the materials. If the legislature had intended to create a lien in favor of the capitalists who advanced money to be used in the construction of ships, they would have so declared in clear and intelligible language.

Again, the averment that the plaintiff *furnished means,* &c., is not

equivalent to an averment that *materials were furnished,* &c.    Such an averment, without explaining what those *means* were, is entirely too general—we can attach to it no definite meaning.

This view of the statute disposes of the case upon its *merits,* and renders an opinion on the other points raised, and which go to the *form* of the declaration, unnecessary.

It must be certified to the circuit court of the county of Wayne, as the opinion of this court, that the demurrer filed in this cause ought to be sustained.

*Certified accordingly.*